IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JELANI McCOWAN                                                                              PETITIONER

5:17CV00266 SWW/PSH

WENDY KELLEY, Director,
Arkansas Department of Correction                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Jelani McCowan ("McCowan") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. McCowan is currently in the custody of the Arkansas Department of Correction (ADC) after pleading *nolo contendere* in the Circuit Court of Hempstead County to numerous charges in Case No. CR-16-47.[1] According to the Sentencing Order, all of the offenses occurred on March 4, 2016. He was sentenced to a total of 240 months' imprisonment. The trial court cited aggravating circumstances in arriving at the sentence. Namely, McCowan was on probation or parole at the time of the crimes, he had persistent involvement in similar criminal offenses, and multiple sentences were being imposed. Docket entry no. 20-2, page 7-8. McCowan also pled *nolo*

---

[1]McCowan entered the nolo contendere plea to: possession of methamphetamine with purpose to deliver; use of paraphernalia to manufacture methamphetamine; possession of cocaine; possession of ecstasy; possession of drug paraphernalia; possession of marijuana; and battery in the second degree. Docket entry no. 20-2.

1

*contendere* and was sentenced on the same date, November 18, 2016, in two additional drug cases, Case Nos. CR-16-225 and CR-16-228. This habeas petition challenges only the convictions stemming from CR-16-47.

Because he pleaded *nolo contendere*, McCowan had no right to a direct appeal of the convictions in CR-16-47. In his federal habeas corpus petition, McCowan claims that he filed a Rule 37 petition claiming ineffective assistance of counsel, which was denied. He has not provided any documentation to support that he filed a Rule 37 petition in CR-16-47, and respondent Wendy Kelley ("Kelley") reports finding no evidence of such a filing. Kelley found instead that McCowan filed a Rule 37 challenge, albeit untimely, in CR-16-225 and CR-16-228.

McCowan did seek state habeas corpus relief in CR-16-47 in the Jefferson County Circuit Court, filing a habeas petition and motion to proceed *in forma pauperis*. The circuit court, in an August 2017 order, denied the motion to proceed *in forma pauperis*, finding McCowan failed to allege facts indicating a "colorable cause of action." Docket entry no. 1, page 22. McCowan filed a notice of appeal to the Arkansas Supreme Court on September 15, 2017. Docket entry no. 20-6. Despite McCowan's assertion that this petition is still pending, he offers no evidence the case has been properly lodged with the appellate court, and Kelley asserts no appeal is pending.[2]

In his federal habeas corpus petition, McCowan alleges he received ineffective assistance of counsel in violation of the 4th and 14th Amendments. Specifically, he contends his attorney failed to seek suppression of evidence obtained pursuant to an illegal search. Kelley argues that the petition should be dismissed for several reasons, including that it is procedurally barred due to McCowan's failure to adequately raise the claim in state court.

*Procedural Default:*

The basic concept of procedural default is that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can

---

[2]Regardless of whether an appeal is pending, the Supreme Court of Arkansas has made clear that a claim of ineffective assistance of counsel, McCowan's sole claim in this action, is not cognizable in a state habeas corpus proceeding. *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam).

establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).

We are mindful that *Martinez v. Ryan*, 566 U.S. 1 (2012), and subsequent cases demonstrate there are exceptions to the general rule of procedural default. We are also aware that the procedural bar analysis need not be performed in every case and are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)). *See also Williams v. Norris*, 612 F.3d 941, 953 (8th Cir. 2010). In this instance, we find it wiser and a better use of judicial resources to forego the procedural default analysis and address the merits of McCowan's claim for relief.

Kelley argues that the petition should be dismissed due to McCowan's failure to provide an adequate factual basis for awarding relief. Kelley is correct in this regard. McCowan alleges only that his attorney failed to file a motion to suppress evidence. He does not suggest why his attorney should have filed the motion, why the motion would have been successful, or exactly how this would have changed the course of his case. In order to prove ineffective assistance of counsel, a petitioner has the burden of proving (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985). The second prong of the *Strickland* test is altered when a claimant has pled to the charges rather than gone to trial. The question in such an instance becomes whether it is reasonably probable that, but for the attorney's acts or omissions, the claimant would not have entered his plea and would have insisted

on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). McCowan does not plead that he would have insisted on going to trial except for his attorney's conduct. Thus, he fails to state even the basics to support his claim for relief. There is an absence of any "factual underpinning" for McCowan's claim, and we recommend the petition be dismissed due to this deficiency. *McFarland v. Scott*, 512 U.S. 849, 860 (1994).

Kelley also maintains McCowan's petition should be dismissed because his challenge to the his attorney's efficacy was waived by his pleas of *nolo contendere.* A guilty plea is "an admission of guilt that waives all non-jurisdictional defects." *See United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). "Stated differently, a valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence." *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) [internal quotations omitted]. A plea of *nolo contendere* is viewed likewise, that is, "a plea of *nolo contendere* is an admission of guilt that waives all non-jurisdictional defects and defenses." *See United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007).

Here, McCowan pleaded *nolo contendere* to the various charges cited herein. Because he did so, he waived his right to raise claims of constitutional error occurring prior to the entry of his pleas. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As a result, his claim of ineffective assistance of counsel should be dismissed as waived.[3]

In summary, McCowan fails to advance sufficient facts to support his sole claim for relief, and he has waived his claim of attorney error occurring prior to the entry of his pleas of *nolo contendere*. Therefore, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has

---

[3]The Court has reviewed the transcript of McCowan's plea hearing. He was informed of the rights which he was waiving as a result of entering his pleas. Docket entries nos. 22 & 23. McCowan acknowledged that the trial court treated his "plea of no contest as a plea of guilty" and that he was satisfied with the advice provided by his attorney. Docket entry no. 23, paragraphs 2 & 6.

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

DATED this 27th day of April, 2018.

                                                                                                                 _____
UNITED STATES MAGISTRATE JUDGE